LEE ROY GLYNN, Appellant, v. M. F. A. MUTUAL INSURANCE COMPANY, a Corporation, Respondent, No. 43110—254 S. W. (2d) 623.

Court en Banc, February 9, 1953.

*Robert E. Seiler* and *Seiler, Blanchard & Van Fleet* for appellant.

*Burden & Shortridge* for respondent.

WESTHUES, C.—In this action, filed in the Circuit Court of Jasper County, Missouri, plaintiff asked $60,000 as damages for personal injuries alleged to have been sustained by him as a result of being struck by an automobile. Plaintiff alleged that the driver of the car at the time it struck plaintiff was an employee of the defendant M. F. A. Mutual Insurance Company. The defendant Insurance Company filed a motion to dismiss the petition for failure to state a cause of action against the defendant company. The trial court sustained the motion and plaintiff appealed.

The question for decision is whether Robert D. Jay, the driver of the car, was an employee, servant or agent of the defendant so that the doctrine of *respondeat superior* applies.

The substance of the allegations of plaintiff's petition outlining the relation of Jay and the defendant Insurance Company were stated in plaintiff's (appellant's) brief as follows:

"Plaintiff's amended petition alleged that the defendant was a fire insurance corporation, organized under the laws of Missouri, engaged in writing fire insurance on dwellings, including dwellings in Joplin;

that one Robert D. Jay was its agent and employee; that in writing fire insurance that defendant required, insisted and directed that Jay obtain a written application from the customer and that Jay was authorized to issue a binder upon the application and to collect the premium.

"That the issuance of the policy was dependent upon Jay making a personal inspection of the dwelling and making a report to the defendant; that the defendant required, directed and insisted that Jay make a personal inspection of the property and furnish promptly defendant with a report of the inspection; that the defendant insisted that the inspection report accompany the application for insurance; that defendant determined on the basis of the inspection whether or not it would issue the policy and further that defendant required the agent to inspect the property before sending the application to the home office in Columbia, Missouri.

"The amended petition further alleged that Jay was required to attend agents' [624] school at the home office, where he was instructed in the duty of making inspections and was provided with the Agent's Rule, Rate and Instruction Manual which provided with reference to fire coverage that:

'Agents are expected to make a thorough inspection of the property on which an application is taken and to furnish complete and thorough report and application';

that these instructions were in full force and effect on the day of the accident in question and that such inspection was part of the regular routine and duty of the agent in the regular and customary course of the business.''

It was stated in the petition that on the evening of December 9, 1950, Jay drove to the home of Robert E. Copher, 220 North Winfield, Joplin, Missouri, for the purpose of securing an application for a fire insurance policy in the sum of $1,000, and to make an inspection of the dwelling; that the application was secured and the inspection made; that the application and the report of the inspection were mailed to the office of the defendant company at Columbia; that defendant company accepted the application and issued its policy of insurance to Copher. Whether Jay received a commission was not stated. It was alleged in the petition that while Jay was driving his car to Copher's home and when only a short distance therefrom, he struck plaintiff and injured him seriously. A number of charges of negligence were stated and the petition described plaintiff's injuries. We are not concerned with either the charges of negligence or plaintiff's injuries. The sole question is whether under the facts above-stated the defendant company may be held responsible for the negligence of Jay resulting in plaintiff's injuries.

Plaintiff under "Points and Authorities" cited but two cases in support of his contention that the defendant company is liable. They

are Hein v. Peabody Coal Co., 337 Mo. 626, 85 S. W. (2d) 604, and Mattan v. Hoover, 350 Mo. 506, 166 S. W. (2d) 557. In the Hein case, a man named Cody was a salesman for the defendant coal company. While driving a car on his way to attend a meeting of salesmen, he struck and injured Hein. The vital question was whether at the time Hein was injured, the salesman was acting within the scope of his employment. That Cody was an employee of the coal company was conceded. That case does not aid us in this case. In Mattan v. Hoover, supra, a salesman for Hoover products was at the time Mattan was injured on his way to a customer to make a demonstration of a Hoover sweeper. The agent worked on a commission basis. The defense was that the salesman was an independent contractor and not an employee of the defendant. The question was discussed and considered at pages 564, 565 (3-5) 166 S.W.(2d). After reviewing many authorities, the court held that it was a question for a jury to decide whether the salesman was an employee or an independent contractor. The court considered as important whether the Hoover Company controlled or had the right to control the salesman as to methods he employed in making a sale. The evidence indicated that the Hoover Company did control the actions of the agent.

That the right of control is an important factor in determining the question of whether a person is an employee or an independent contractor may be conceded. Wherever the question has been considered, the right of control has always been given much consideration. See Restatement of the Law of Agency, Sec. 220; 56 C.J.S. 33, Sec. 2(1) and 49, Sec. 3(3); 35 Am. Jur. 445, Secs. 2 and 3; Wills v. Belger, 357 Mo. 1177, 212 S.W.(2d) 736, l.c. 740 (4,5); McFarland v. Dixie Machinery & Equipment Co., 348 Mo. 341, 153 S.W. (2d) 67, l.c. 70 (3, 4); 136 A.L.R. 516.

In the reply brief plaintiff answered the defendant's brief and argument to the effect that Jay was merely an insurance agent in the capacity of a broker or independent contractor and under the Missouri cases, there was no liability on the defendant insurance company. It is argued in the reply brief that Jay was at the time of the injury acting for his principal in the capacity of an employee in making a physical inspection of property as instructed to do by the defendant company [625] and was not acting in the capacity of an insurance broker. In the case of Vert v. Metropolitan Life Insurance Co., 342 Mo. 629, 117 S.W.(2d) 252, 116 A.L.R. 1381, cited in the reply brief, this court reversed a judgment of $20,000 against the defendant insurance company on the theory that an agent while selling life insurance was not an employee of the defendant company so as to render the company liable to plaintiff who had been injured through the negligence of the agent. See 117 S.W.(2d) 256 (7). The case does quote from 14 R.C.L. 76, Sec. 13, a general statement to the effect that a person may be an independent contractor as to certain work and yet

be a mere servant as to other work for the same employer. That is the position taken by the plaintiff in this case. He seems to concede that Jay, in taking applications for insurance and in issuing a binder for 30 days, pending the acceptance or rejection by the company of the application, was not acting as an employee; that as to that part of the work the company cannot be held on the basis of *respondeat superior*. Plaintiff says, however, that while Jay was performing the task of inspection he was an employee and that at the time plaintiff was injured, Jay was on his way to make an inspection. The application for insurance signed by Copher and Jay in this case and, the inspection report made by Jay were filed with the petition. The application contains a general description of the dwelling and its location. The inspection report shows a somewhat more detailed description of the building and its distance from other buildings and a general description of the applicant and his occupation.

Plaintiff stated in his petition that each application must be accompanied by a report of inspection; "that such inspection * * * was part of the regular routine and duty of said agent in the regular and customary course of the business." It was also stated in the petition "that the issuance of a policy * * * was dependent upon the said Robert D. Jay * * * making the personal inspection of the said dwelling and his making a report" to the defendant.

The above facts as pleaded in plaintiff's petition suggest the question of whether or not the report of the inspection as required to be made is a part of the application itself. In other words, an application would not be considered for acceptance without the report of inspection. Does the fact that Jay was required to make an inspection of the property to be insured, a report of which was to be sent with the application, take him out of that class of insurance agents who are not considered employees? We think not.

In the case of Douglas v. National Life and Accident Ins. Co., 155 S.W.(2d) 267, plaintiff was injured when she was struck by a car driven by an agent of the defendant company. The agent had in his possession at the time a sum of money he had collected as premiums from a number of policy holders. It was his duty to make collections in addition to soliciting insurance. The court held the agent was not an employee. At page 272, Syl. (9), 155 S.W.(2d), the court said: "In the trial of the case, much stress was laid upon the fact that the automobile which Polunsky was driving at the time he struck and injured plaintiff was one which he used more or less regularly, with the company's knowledge, in connection with his work. This fact, however, is of no consequence upon the question of the company's liability, unless there had been evidence to show that the company had either expressly or impliedly directed Polunsky to use the automobile in taking the money to his home, or had reserved the

right to control the manner in which he should execute that feature of his agency. Riggs v. Higgins, 341 Mo. 1, 106 S.W. 2d 1.''

Jay in the case before us was a soliciting agent for the defendant company. In performing his work, he was bound to follow the defendant's directions in making an inspection and in filing a report thereof with the application. Upon this written report, the company based [626] its decision of whether to accept the application and to issue a policy of insurance. Certainly the work of making an inspection, a report of which had to be made and sent to the company with the application, had a closer relationship with soliciting insurance than making collections by the agent for the company as in the Douglas case, supra. Plaintiff stated in his petition that when he was injured, Jay was on his way ''to make a physical inspection of said premises for the purpose of *completing said application* and obtaining information whereby to make a prompt report of said inspection to defendant fire insurance company in order that defendant fire insurance company could determine whether or not to issue said policy.'' (Emphasis ours)

The instructions given to Jay as related in plaintiff's petition pertained to the accomplishment of a final result. No control was exercised nor does the petition state that the defendant had the right of control over Jay as to the manner in which he did his work. Jay was free to walk, drive a car, employ a taxi, or ride public conveyances to and from prospective purchasers of insurance. Jay was an agent bringing about contractual relations between insurer and insured. In such circumstances the doctrine of *respondeat superior* does not apply. In Restatement of the Law of Agency, Sec. 250, the rule is stated as follows: ''A principal employing another to achieve a result but not controlling nor having the right to control the details of his physical movements is not responsible for incidental negligence while such person is conducting the authorized transaction.'' See also Kourik v. English, 340 Mo. 367, 100 S.W. (2d) 901, l.c. 904 (1, 2). The task of making a personal inspection of property to be insured was as plaintiff stated in his petition. Such inspection ''was part of the regular routine and duty of said agent in the regular and customary course of the business.''

We hold Jay was not an employee of the defendant company at the time plaintiff was injured and the trial court was right in dismissing the petition.

The judgment is affirmed.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the Court en Banc. All concur.